UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2004 OCT 12 PM 3 56

CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| BRADLEY THERRIEN, SR. and JULIE THERRIEN,<br><br>    Plaintiffs,<br><br>v.<br><br>THE LAMOILLE COUNTY SHERIFF'S DEPARTMENT; and CHRIS PAQUETTE, Individually, and in his Capacity as a Lamoille County Deputy Sheriff<br><br>    Defendants. | Case No.:<br><br>2:04-cv-272 |

PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiffs Bradley Therrien, Sr. and Julie Therrien, by and through their attorney Thomas J. Sherrer, Esq. complains of Chris Paquette, individually and in his capacity as a Lamoille County Deputy Sheriff, and the Lamoille County Sheriff's Department, as follows:

NATURE OF THE ACTION

This is an action for monetary relief to recover for physical injuries, medical expenses, pain and suffering, and other compensable damages suffered by the Plaintiffs. This action arises out of Defendants' conduct leading up to and including October 13, 2001, in which Defendants deprived Plaintiffs of their

THOMAS J. SHERRER, P.C.
ATTORNEY AT LAW
30 MAIN STREET
SUITE 320
BURLINGTON, VT 05401
(802) 660-9913
FAX (802) 660-9355

1.

injuries and emotional distress.

## PARTIES

1. Plaintiff Bradley Therrien, Sr. is 43 years old. He is currently a resident of Milton, Vermont.

2. Plaintiff Julie Therrien is 42 years old. She is currently a resident of Milton, Vermont and the wife of Plaintiff Bradley Therrien, Sr.

3. At all times relevant to the claims herein, Plaintiffs resided in Johnson, Vermont.

4. Upon information and belief, and at all times relevant to the claims herein, Defendant Chris Paquette was a resident of Chittenden County, Vermont and was a Deputy Sheriff of the Lamoille County Sheriff's Department. At all relevant times, Defendant Chris Paquette was acting under color of state law.

5. The Lamoille County Sheriff's Department is a law enforcement agency of the State of Vermont.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiffs' action under 42 U.S.C. Section 1983 pursuant to 28 U.S.C. Section 1331, and pendant jurisdiction over the remaining claims.

THOMAS J. SHERRER, P.C.
ATTORNEY AT LAW
30 MAIN STREET
SUITE 320
BURLINGTON, VT 05401
(802) 660-9913
FAX (802) 660-9355

7. Jurisdiction is appropriate in the District of Vermont pursuant to 28 U.S.C. Section 1391(b), as Defendant Paquette is a resident of the State of Vermont and Defendant Lamoille County Sheriff's Department is a law enforcement agency of the State of Vermont.

## BACKGROUND

8. On or about 11:00 pm on October 12, 2001, Officer Jonathan O'Connor, Corporal Clark, and Sergeant Laroche of the Milton Police Department responded to a complaint of a Jeep Cherokee hitting a second vehicle driven by Lance Jarvis at the Mid Town Mobil in Milton, Vermont. Upon their arrival, Mr. Jarvis told the officers that both the driver and a passenger in the Jeep, whom Mr. Jarvis identified as Bradley Therrien Jr. and Randy Therrien, had left the area in the Jeep.

9. These officers, together with the Milton Police Department, were unable to locate either Bradley Therrien, Jr. or Randy Therrien. The Milton Police Department subsequently asked the Colchester Police Department to issue a "BOL" for Bradley Therrien, Jr., Randy Therrien, and the Jeep.

10. During the course of that evening's investigation, it was determined that the Jeep was registered to Plaintiff Bradley Therrien, Sr., of Johnson, Vermont. The Milton Police Department then sought the

THOMAS J. SHERRER, P.C.
ATTORNEY AT LAW
30 MAIN STREET
SUITE 320
BURLINGTON, VT 05401
(802) 660-9913
FAX (802) 660-9355

assistance of the Defendant Lamoille County Sheriff's Department, who reported that after several checks at Plaintiff Bradley Therrien, Sr.'s residence in Johnson, Vermont, the Jeep was not there.

11. Corporal Clark and Sergeant Laroche reported that neither the Jeep, nor Bradley Therrien, Jr. nor Randy Therrien were present at Bradley Therrien Jr.'s residence in Burlington, Vermont.

12. The combined efforts of the responding officers and the various police departments and personnel to locate Bradley Therrien, Jr., Randy Therrien and the Jeep were unsuccessful that evening.

13. Thereafter on October 13, 2001, Sergeant Doug Allen of the Colchester Police Department contacted Officer O'Connor and reported that Defendant Lamoille County Sheriff's Department had located the Jeep at Plaintiff Bradley Therrien Sr.'s residence in Johnson, Vermont.

14. Defendant Lamoille County Sheriff's Department asked if Officer O'Connor still wished to have "BJ Therrien" taken into custody pursuant to the BOL issued on October 12, 2001. Officer O'Connor responded that he wished to have Bradley Therrien Jr. taken into custody.

15. Defendant Chris Paquette, together with numerous other Lamoille County police officers and a state police dog, confronted Plaintiff Bradley Therrien Sr. at his residence. Plaintiff Bradley Therrien Sr. identified himself by name and date of birth in response to

THOMAS J. SHERRER, P.C.
ATTORNEY AT LAW
30 MAIN STREET
SUITE 320
BURLINGTON, VT 05401
(802) 660-9913
FAX (802) 660-9355

4

Defendant Paquette's and the other police officers' questioning.

16. Despite Plaintiff Bradley Therrien Sr.'s explanation to the Defendants of their mistake, Defendants placed Plaintiff Bradley Therrien Sr. under arrest and forcibly took him into custody. Defendants drew their guns at Plaintiff Bradley Therrien Sr., threw him to the ground, handcuffed him, and pointed a shotgun at his head. Defendants then placed Plaintiff Bradley Therrien Sr. inside one of the police cruisers.

17. All of Defendants' actions further took place in front of Plaintiff Julie Therrien and Plaintiffs' neighbors.

18. Defendants transported Plaintiff Bradley Therrien Sr. to Fairfax, Vermont where they had planned to transfer his custody to Officer O'Connor. Plaintiff Julie Therrien followed her husband in the police cruiser in her own vehicle.

19. Officer O'Connor met Defendants in Fairfax, Vermont and immediately told Defendants that they had arrested the wrong individual. Officer O'Connor did not accept the transfer of Plaintiff Bradley Therrien Sr.'s custody from Defendants.

20. Rather than releasing Plaintiff Bradley Therrien Sr. at that time, Defendants instead kept him in police custody and transported him back to the Lamoille County Sheriff's Office. Defendants thereafter released Plaintiff Bradley Therrien Sr. from custody.

21. Officer O'Connor then contacted Sergeant Allen of the Colchester

THOMAS J. SHERRER, P.C.
ATTORNEY AT LAW
30 MAIN STREET
SUITE 320
BURLINGTON, VT 05401
(802) 660-9913
FAX (802) 660-9355

Police Department. Sergeant Allen reported to Officer O'Connor that the Lamoille County Sheriff's Department had previously confirmed the date of birth of Bradley Therrien Jr., and stated they knew who they were looking for.

### COUNT I: CIVIL RIGHTS ACTIONS AGAINST CHRIS PAQUETTE, INDIVIDUALLY AND IN HIS CAPACITY AS A LAMOILLE COUNTY DEPUTY SHERIFF, AND AGAINST DEFENDANT LAMOILLE COUNTY SHERIFF'S DEPARTMENT

22. Plaintiffs repeat and allege as if fully set forth herein each and every part related in paragraphs 1-21 above.

23. During all times relevant to this cause of action, Defendant Chris Paquette was acting under color of state law.

24. During all times relevant to this cause of action, Defendant Lamoille County Sheriff's Department was acting under color of state law.

25. Defendants' actions in using physical force to restrain Plaintiff Bradley Therrien Sr. from leaving constituted a seizure under the Fourth Amendment to the United States Constitution, and a deprivation of his liberty interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, all in violation of 42 U.S.C. Section 1983.

26. Defendants' seizure of Plaintiff Bradley Therrien Sr. constituted excessive force under the circumstances because, among other

THOMAS J. SHERRER, P.C.
ATTORNEY AT LAW
30 MAIN STREET
SUITE 320
BURLINGTON, VT 05401
(802) 660-9913
FAX (802) 660-9355

things, Plaintiff Bradley Therrien Sr. posed no threat to public safety and Plaintiff Bradley Therrien Sr. had not been charged with any crime.

27. Defendants' deprivation of Plaintiff Bradley Therrien Sr.'s Fourth Amendment rights and Defendants' deprivation of his liberty interests under the Due Process Clause of the Fourteenth Amendment constituted violations of 42 U.S.C. Section 1983.

28. Based upon their violations of 42 U.S.C. Section 1983, Defendants are liable for damages, together with interest, costs and reasonable attorney's fees under 42 U.S.C. Section 1988(b).

## COUNT II: ASSAULT AND BATTERY

29. Plaintiffs repeat and allege as if fully set forth herein each and every part related in paragraphs 1-28, above.

30. Defendants intentionally and willfully committed acts of offensive bodily contact against Plaintiff Bradley Therrien Sr., without cause or provocation by Plaintiff Bradley Therrien Sr. and without his consent.

31. Defendants intended to, and encouraged and materially participated in the offensive bodily contact against Plaintiff Bradley Therrien, Sr. without his consent.

32. As a direct result of Defendants' assault and battery of Plaintiff

THOMAS J. SHERRER, P.C.
ATTORNEY AT LAW
30 MAIN STREET
SUITE 320
BURLINGTON, VT 05401
(802) 660-9913
FAX (802) 660-9355

Bradley Therrien Sr., Plaintiff Bradley Therrien Sr. sustained physical and emotional injuries.

33. As a direct result of the assault and battery by Defendants, Plaintiff Bradley Therrien Sr. suffered pain and discomfort, and incurred additional medical expenses and other losses.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiffs repeat and allege as if fully set forth herein each and every part related in paragraphs 1-33, above.

35. Defendants' use of excessive force constituted actions of extreme and outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress to Plaintiffs.

36. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered, and continue to suffer, extreme emotional distress.

## COUNT IV: NEGLIGENCE

37. Plaintiffs repeat and allege as if fully set forth herein each and every part related in paragraphs 1-36, above.

THOMAS J. SHERRER, P.C.
ATTORNEY AT LAW
30 MAIN STREET
SUITE 320
BURLINGTON, VT 05401
(802) 660-9913
FAX (802) 660-9355

8

38. Defendants were negligent and careless in their use of excessive force to restrain and wrongfully place Plaintiff Bradley Therrien, Sr. into police custody.

39. As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious physical and emotional injuries.

40. As a direct result of Defendants' negligence, Plaintiffs suffered pain and discomfort, and incurred medical bills and other expenses.

## COUNT IV: PUNITIVE DAMAGES

41. Plaintiffs repeat and allege as if fully set forth herein each and every part related in paragraphs 1-40, above.

42. Defendants' actions show a wanton and reckless disregard for Plaintiffs' rights and entitle Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs request that judgment be entered on their behalf, awarding them compensatory, punitive and consequential damages in an amount to be determined by the trier of fact, together with costs, attorney's fees, and any such other and further relief as the Court deems appropriate.

HOMAS J. SHERRER, P.C.
ATTORNEY AT LAW
30 MAIN STREET
SUITE 320
BURLINGTON, VT 05401
(802) 660-9913
FAX (802) 660-9355

9

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

Dated: Burlington, Vermont

October 11, 2004

*[signature]*

THOMAS J. SHERRER, P.C.

Thomas J. Sherrer, Esq.
Attorney for Plaintiffs
30 Main Street, Suite 320
Burlington, Vermont 05401
(802) 660-9913

THOMAS J. SHERRER, P.C.
ATTORNEY AT LAW
30 MAIN STREET
SUITE 320
BURLINGTON, VT 05401
(802) 660-9913
FAX (802) 660-9355

10